IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID LAI,

      Petitioner,

v.

                              Case No.    5D22-453
                              LT Case No. 2017-CF-001896-A-O

STATE OF FLORIDA,

      Respondent.
_____/

Opinion filed December 2, 2022

Petition Alleging Ineffectiveness of
Appellant Counsel,
A Case of Original Jurisdiction.

Matthew R. McLain, of McLain Law, P.A.,
Longwood, for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Daniel Caldwell,
Assistant Attorney General, Daytona
Beach, for Respondent.

PER CURIAM.

      In his petition for ineffective assistance of appellate counsel, filed

pursuant to Florida Rule of Appellate Procedure 9.141(d), David Lai argues

that his appellate counsel was ineffective for failing to argue in the initial brief

that fundamental error occurred because the jury returned inconsistent verdicts for Count Three, sexual battery. We agree and grant the petition as to ground 1. We deny the remainder of Lai's claims.

Appellate counsel's failure to identify fundamental error by the trial court, and the failure to raise it in the direct appeal, generally falls outside of the range of professionally acceptable performance and may constitute the basis for relief. *See, e.g.*, *Jackson v. State*, 347 So. 3d 292, 308 (Fla. 2022) (noting appellate counsel can be deficient for not raising meritorious claims of fundamental error), *reh'g denied*, No. SC19-1624, 2022 WL 4077957 (Fla. Sept. 6, 2022); *Duffy v. State*, 345 So. 3d 934, 936 (Fla. 5th DCA 2022); *Phelps v. State*, 317 So. 3d 1207, 1210 (Fla. 3d DCA 2021).

To establish fundamental error here, and therefore deficient and prejudicial performance by his appellate counsel, Lai contends that the jury rendered an inconsistent verdict for Count Three, which constituted fundamental error. The verdict is inconsistent, he argues, because Count Three alleged Lai penetrated the vagina of the victim. However, while the jury returned a guilty verdict for Count Three, it made a special verdict finding that Lai did not penetrate the vagina of the victim. Lai argues he would have been granted relief in the form of an acquittal for Count Three and a

2

resentencing had the issue been raised in the initial brief as fundamental error.

In support, he relies on *Proctor v. State*, 205 So. 3d 784 (Fla. 2d DCA 2016), in which the Second District concluded that fundamental error occurred when the jury rendered inconsistent verdicts by finding the defendant guilty of aggravated assault but also specifically finding that the defendant did not possess a firearm during the assault. He also relies on *Goodman v. State*, 284 So. 3d 1169 (Fla. 1st DCA 2019), in which the First District concluded that the trial court's standard instruction—which defined "sexual battery" as the sexual organ of the defendant penetrating or having union with the vagina of the victim—constituted fundamental error, where the information charged the defendant with only attempted sexual battery via penetration, and the State relied on the instruction by presenting evidence and arguing that the jury could convict the defendant of an uncharged crime.

Here, like in *Goodman*, the State only charged Lai with sexual battery via penetration, and the jury convicted him on this ground despite a special verdict finding no penetration. As a result, the verdict is truly inconsistent and results in a conviction for the uncharged theory of union. Appellate counsel's failure to raise this argument as fundamental error is an omission "of such magnitude as to constitute a serious error or substantial deficiency falling

3

measurably outside the range of professionally acceptable performance," and "compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." *Zack v. State*, 911 So. 2d 1190, 1204 (Fla. 2005) (citation omitted).

Under the circumstances of this case, we conclude that the proper remedy is to order a new appeal. *See Wilson v. Wainwright*, 474 So. 2d 1162, 1165 (Fla. 1985).[1] Upon issuance of the mandate, a copy of this opinion shall be furnished to the clerk of the lower tribunal for treatment as a notice of appeal directed to Lai's judgment and sentence in Orange County Circuit Court case number 2017-CF-001896-A-O. The new appellate proceeding authorized by this opinion shall be limited to the issue identified above.

GRANTED in part; DENIED in part.

SASSO, TRAVER and NARDELLA, JJ., concur.

---

[1] We determine an additional appeal would not be redundant considering the potential effect that a corrected sentence for Count Three would have on Lai's overall sentence.